Slaughter, J., dissenting.
 

 I respectfully dissent from the Court's conclusion that the compromise chapter of our Probate Code, see I.C. ch. 29-1-9,
 does not apply to family settlement agreements entered into before the decedent's death. In my view, such agreements are valid and enforceable; they are consistent with our State's longstanding policy of encouraging freedom to contract; and nothing in the compromise chapter expressly prohibits them. I agree with the Court of Appeals' thoughtful treatment of these issues and would adopt its opinion in full.
 

 As our Court recognizes, there is "no clear and unambiguous statement in the Compromise Chapter addressing when a contest or controversy may be compromised." [Op. 638.] I agree with the Court's account of what that chapter does and does not say. But I draw a very different conclusion about what to make of this acknowledged absence of a "clear and unambiguous statement" barring ante-mortem agreements. Consistent with our precedent, we should not conclude that the chapter forecloses such agreements, especially since it does not do so in "clear and unambiguous" terms.
 

 [B]ecause we value the freedom to contract so highly, we will not find that a contract contravenes a statute unless the language of the implicated statute is clear and unambiguous that the legislature intended that the courts not be available for either party to enforce a bargain made in violation thereof.
 

 Cont'l Basketball Ass'n v. Ellenstein Enters.
 
 ,
 
 669 N.E.2d 134
 
 , 140 (Ind. 1996) (quoted in
 
 Matter of Estate of Kent
 
 ,
 
 82 N.E.3d 326
 
 , 331 (Ind. Ct. App. 2017), trans. granted).
 

 Because the compromise chapter does not expressly prohibit ante-mortem agreements, I would hold that such agreements are valid and enforceable under the chapter. On this record, that means Cindy and David, as prospective beneficiaries of their father's estate, could determine their anticipated interests in his estate even before he died and have their agreement enforced in the probate court with jurisdiction over his estate. From the Court's contrary decision, I respectfully dissent.